UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN A. SHEKARLAB,<br><br>    Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:18-cv-00047-JAM-EFB<br><br>**ORDER GRANTING DEFENDANT CHARLES KIM'S MOTION TO DISMISS PUNITIVE DAMAGE CLAIM;**<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE** |

Ramin A. Shekarlab ("Plaintiff") spent a year in the Sacramento County Jail, during which time, he alleges, the jail staff failed to appropriately respond to his serious eye condition. Plaintiff filed this lawsuit against Dr. Robert Padilla, Dr. Charles Kim, Manjeet Kaur, Joyce Amajor, Kathryn Gonzales, the County of Sacramento, and Does 1-10. Presently before the Court is Dr. Charles Kim's motion to dismiss the punitive damages claimed against him. For the reasons set forth below, Dr. Kim's motion is granted.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 10, 2018.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This Order focuses on the facts relevant to Plaintiff's claims against Dr. Kim, only. The following facts are taken as true for the purposes of this motion:

Plaintiff was incarcerated from April 2016 to May 3, 2017. Compl. ¶ 20. In May of 2016, Plaintiff began experiencing serious pain and loss of vision in his right eye. Id. ¶¶ 23-24. He subsequently submitted numerous requests for medical treatment for pain and loss of vision in that eye. Id. ¶ 24. Over the next several months he sought consultation with an ophthalmologist, but did not see one until January 2017. Id. ¶¶ 25-33. That ophthalmologist, Dr. Beard, recommended a surgical consult. Id. ¶ 33.

Dr. Charles Kim, another ophthalmologist, saw Plaintiff the following month, on February 22, 2017. Id. ¶ 37. Dr. Kim "examined [P]laintiff and recommended that he be referred to a retina specialist within 1-3 weeks." Id. He "indicated that the retinal detachment in [P]laintiff's right eye was 'non-urgent,'" "[e]ven though it was obvious that [P]laintiff needed surgery and obvious that his need was time-sensitive[.]" Id.

Plaintiff remained incarcerated until May 3, 2017, and received surgery on his eye a month and a half later. Id. ¶¶ 43, 44. Plaintiff alleges that the delay in surgery prevented a successful outcome and caused Plaintiff to suffer near-total retinal detachment in his right eye. Id. ¶¶ 46-49.

Plaintiff brings claims against the County of Sacramento and the medical personnel he interacted with at the Sacramento County Jail. As to Dr. Kim, Plaintiff asserts a claim for professional

negligence and seeks punitive damages.  Id. ¶¶ 67–72.

II.   OPINION

Dr. Kim moves to dismiss Plaintiff's prayer for punitive damages against him.  The first stated basis for dismissal involves the legal question of whether California Code of Civil Procedure ("C.C.P.") section 425.13 applies to Plaintiff's state claim in this Court.  As an alternative basis for dismissal, Dr. Kim argues Plaintiff failed to allege sufficient facts to support a claim for punitive damages.  Because the Court's ruling turns on the former, it does not address the latter.

A.   <u>C.C.P. § 425.13 in Federal Court</u>

Federal courts deciding state claims apply state substantive law and, generally, federal procedural law.  See <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965) (describing the impact of <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)).  Over the years, however, it has become clear "that <u>Erie</u>-type problems [are] not to be solved by reference to any traditional or common-sense substance-procedure distinction[.]"  Id. at 465–66.  Instead the crucial question is: "does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?"  Id. (quoting <u>Guaranty Trust Co. of N.Y. v. York</u>, 326 U.S. 99, 109 (1945)).

Federal courts embark on a two part inquiry to decide whether a state procedural rule should apply in a given case.  First, the court will ask whether there is a direct conflict between a federal rule and the state law.  <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 749–52 (1980).  If there is a conflict and

the Federal Rule clearly applies, then the court will follow the Federal Rule unless it falls outside the scope of the Rules Enabling Act or the constitutional grant of power. Id. at 748. If there is not a conflict, the court then considers whether application of the state procedural rule might result in forum shopping or an inequitable administration of the law. Id. at 753. The Ninth Circuit has also held that "where a state evidentiary rule is intimately bound up with the rights and obligations being asserted, [Erie] mandates the application of the state rule." Wray v. Gregory, 61 F.3d 1414, 1417 (9th Cir. 1995) (citations omitted).

The parties dispute whether C.C.P. section 425.13 applies to Plaintiff's punitive damages claim in this Court. Under section 425.13, a plaintiff cannot seek punitive damages from a health care provider on a claim for professional negligence without leave of court. The section provides:

> In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294 of the Civil Code.

C.C.P. § 425.13.

Federal district courts in California are divided on whether to apply this rule. See Estate of Prasad ex rel. Prasad v. Cnty. of Sutter, 958 F. Supp. 2d 1101, 1120 (2013) (collecting cases). Several district courts in the Eastern District of California

4

have applied section 425.13 to state claims, finding the law is "so 'intimately bound up' with [the plaintiff's] substantive state law claims that, under the Erie exception, it applies to bar these claims where there is no compliance to the rule." Allen v. Woodford, No. 1:05-cv-01104-OWW-LJO, 2006 WL 1748587 (E.D. Cal. June 26, 2006) (citing Wray, 61 F.3d at 1417); see Thomas v. Hickman, No. CV F 06-0215 AWI SMS, 2006 WL 2868967 (E.D. Cal. Oct. 6, 2006); Rhodes v. Placer Cnty., No. 2:09-cv-00489 MCE KJN PS, 2011 WL 1302240 (E.D. Cal. Mar. 31, 2011)(following Allen and Thomas); Elias v. Navasartian, 1:15-cv-01567-LJO-GSA-PC, 2017 WL 1013122 (E.D. Cal. Feb. 17, 2017) (same). In contrast, district courts in the Northern and Southern District of California have declined to apply it. See, e.g., Jackson v. East Bay Hosp., 980 F. Supp. 1341, 1352 (N.D. Cal. 1997) ("This court [] considers section 425.13's requirement to be a procedural rather than a substantive one. The requirement is essentially a method of managing or directing a plaintiff's pleadings, rather than a determination of substantive rights."); George v. Sonoma Cnty. Sheriff's Dept., 732 F. Supp. 2d 922, 951-52 (N.D. Cal. 2010) (following Jackson); Ortegoza v. Kho, No. 12-cv-529-L KSC, 2013 WL 2147799, at *7 (S.D. Cal. May 16, 2013) (same). Finally, two courts in the Eastern District have declined to apply section 425.13 because they find the statute to be in direct conflict with the plain meaning of Rule 8(a)(3) of the Federal Rules of Civil Procedure. See Estate of Prasad, 958 F. Supp. 2d at 1121; Padilla v. Beard, No. 2:14-cv-01118-KJM-CKD, 2014 WL 6059218 (E.D. Cal. Nov. 12, 2014). This conclusion follows an Eleventh Circuit decision that found a

direct conflict between Rule 8(a)(3) and a Florida statute imposing requirements—similar to those at issue here—on plaintiffs seeking punitive damages. See Cohen v. Office Depot, Inc., 184 F.3d 1292 (11th Cir. 1999), opinion vacated in part on reh'g, 204 F.3d 1069 (11th Cir. 2000) (relevant holding adhered to).

### 1. No Direct Conflict With the Federal Rules

Rule 8(a)(3) states: "A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Under C.C.P. section 425.13, a plaintiff could not include his prayer for punitive damages in his complaint until moving the court for leave to do so. Plaintiff contends these rules directly conflict, while Dr. Kim maintains they do not. The parties direct the Court's attention to two adverse decisions on this question: Cohen v. Office Depot, Inc., 184 F.3d 1292 (11th Cir. 1999), and Jones v. Krautheim, 208 F. Supp. 2d 1173 (D. Colo. 2002).

The Court finds the reasoning articulated in Jones, more persuasive than that of Cohen. In Cohen, the Eleventh Circuit read Rule 8(a)(3) to "say 'implicitly, but with unmistakable clarity' that a plaintiff is not required to wait until a later stage of the litigation to include a prayer for punitive damages, nor is she required to proffer evidence or obtain leave of court before doing so." 184 F.3d at 1299 (analogizing to the conflict found in Hanna v. Plumer, 380 U.S. 460 (1965)). "In short," the Circuit concluded, "Rule 8(a)(3) occupies the field in which the pleading portion of [the state statute] would otherwise operate."

6

Id. The Jones court disagreed, finding a similar state statute to be consistent with the federal rules. Id. at 1179. The district court reasoned there would be an "obvious conflict" between the statute and Rule 8 "were it not for the fact that Rule 8 imposes no timing requirement." Id. at 1178. "In practical use, Rule 8 does not and cannot operate in isolation, but instead must be considered in conjunction with Rule 15, which anticipates liberal amendment of pleadings throughout the course of the litigation . . . . So long as a plaintiff has the opportunity to amend the initial complaint to comply with Rule 8(a)(3) before the issues are ultimately tried, there is no practical conflict between [the state statute] and Fed. R. Civ. P. 8(a)(3)." Id.

  The Court concurs with the Jones court's analysis. The federal pleading rule does not require that every type of relief sought be included in the complaint in its first iteration. The Rules provide for pre-trial amendments of the complaint, which district courts freely permit upon a plaintiff's motion or, at later stages of litigation, grant for good cause. See Fed. R. Civ. P. 15 & 16. A plaintiff can therefore follow the mandate of C.C.P. section 425.13 consistent with the Federal Rules. Further, unlike the Eleventh Circuit, this Court does not find the alleged conflict to be analogous to that at issue in Hanna. See Cohen, 184 F.3d at 1299. In Hanna, the Supreme Court found that Rule 4(d)(1), by providing that "service shall be made upon an individual by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling or usual place of abode with some person of suitable age

and discretion then residing therein," implicitly said that in hand service is not required in federal courts. 380 U.S. at 462 (quoting the former Fed. R. Civ. P. 4(d)(1)). The Massachusetts law requiring in hand service therefore conflicted with Rule 4. Id. Here, because the federal pleading rules provide for amendment, the text of Rule 8(a)(3) does not imply that plaintiffs must be able to include all forms of relief they may eventually seek in the initial complaint. The Court finds no direct conflict between the California statute and Rule 8(a)(3).

## 2. C.C.P. § 425.13 Applies

The Court agrees with its fellow judges in the Eastern District of California that the state rule must apply in federal court. The rule is bound up with the state substantive cause of action for professional negligence. Rather than applying generally, the rule is expressly limited to actions for damages arising out of the professional negligence of a health care provider. See C.C.P. § 425.13(a). This limitation evinces a legislative intent "to screen and assure the bona fides and merits of a claim against a health care provider before a case can be filed." Allen, 2006 WL 1748587 at *22. Indeed, "because it was concerned that unsubstantiated claims for punitive damages were being included in complaints against health care providers, the [California] Legislature sought to provide additional protection by establishing a pretrial hearing mechanism by which the court would determine whether an action for punitive damages could proceed." Cent. Pathology Serv. Med. Clinic, Inc. v. Super. Ct., 3 Cal.4th 181, 189 (1992). The inquiry requires courts to examine the substance of a plaintiff's claims and block

unsubstantiated pursuits of punitive damages early in litigation.

The Court is not persuaded that the federal courts' authority to manage their own calendars obviates the propriety of respecting this legislative balancing in federal court. Contra Jackson, 980 F. Supp. at 1352-53 (finding that the federal courts' case management procedures can accomplish the purposes contemplated by section 425.13). Without the rule, prayers for punitive damages that lack evidentiary support remain in a lawsuit until defendants move for summary judgment or adjudication. This result could cause the sort of forum shopping and inequitable administration of the law that the Erie doctrine was designed to prevent. See Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980).

In light of these important considerations, this Court joins the cohort of district courts that find section 425.13 applicable in federal court.

B. Application to Plaintiff's Claims

Plaintiff's prayer for punitive damages against Dr. Kim based on the doctor's alleged professional negligence plainly falls within C.C.P. section 425.13. Because Plaintiff has not moved for leave of Court to seek punitive damages on his medical negligence claim, Plaintiff's claim for punitive damages against Dr. Kim is dismissed without prejudice.

The Court's holding suggests that Plaintiff may not seek punitive damages against the other defendants in this case on Plaintiff's fourth and fifth claims for relief. Plaintiff is therefore ordered to show cause why the punitive damages he seeks against Defendants Padilla, Kaur, Amajor, and Gonzales for

9

professional negligence, and against Defendants Padilla and the County of Sacramento for negligent supervision, training, hiring, and retention, should not also be dismissed—at this stage—due to Plaintiff's failure to adhere to C.C.P. section 425.13.

III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss, without prejudice. Plaintiff is ORDERED TO SHOW CAUSE as to why his claims for punitive damages against the other Defendants should not also be dismissed, as to the state claims identified above. Plaintiff's brief is due one week from the date of this order. Defendants may file a response to Plaintiff's brief no later than one week thereafter.

IT IS SO ORDERED.

Dated: April 25, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE