UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN SHEKARLAB,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:18-cv-47-JAM-EFB<br><br>**ORDER DISMISSING PUNITIVE DAMAGES ON STATE CLAIMS** |

On April 26, 2018, the Court dismissed Plaintiff's punitive damages claim against Defendant Charles Kim. ECF No. 26. The Court also ordered Plaintiff to show cause as to why the punitive damages claims against the other Defendants should not also be dismissed, as to the state claims. Plaintiff filed his response, which opposes dismissal. Response, ECF No. 30. Alternatively, Plaintiff seeks modification of the current scheduling order. Plaintiff also requests an order stating that Plaintiff is not prohibited from undertaking discovery on issues pertaining to punitive damages.

The Court finds the punitive damages sought in relation to Plaintiff's two state law claims are barred by California Code of Civil Procedure § 425.13. Plaintiff argues that the time limits in this code section conflict with this Court's scheduling order

because Plaintiff will need to file its motion before expert discovery takes place.  Response at 2.  However, Plaintiff fails to explain why expert testimony is necessary to establish Defendants' "malice, oppression, or fraud."  See Aquino v. Super. Ct., 21 Cal. App. 4th 847, 854-55 (1992).  The Court does not find the hypothetical conflict warrants departure from the reasoning and conclusions in its previous dismissal order and does not warrant modification of the scheduling order at this time.  This ruling is without prejudice to a later motion regarding scheduling after discovery has progressed and Plaintiff is able to present a sufficient factual and legal basis for modification.

The Court declines to issue an order regarding the scope of discovery.  Plaintiff's request is based on a belief that Defendants will oppose discovery related to punitive damages.  Response at 3.  This issue, too, is hypothetical.  Plaintiff should seek the discovery he believes he is entitled to and any opposition from Defendants may be addressed by the appropriate discovery motions before the magistrate judge.  See E.D. Local Rule 302(c).

For the reasons set forth above, and in the Court's Order Granting Defendant's Motion to Dismiss, ECF No. 26, Plaintiff's claims for punitive damages on his state law claims are DISMISSED as to all Defendants.

IT IS SO ORDERED.

Dated: May 9, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE